**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *ex rel.* Lawrence S. Krasner, Philadelphia District Attorney,<br>*Plaintiff*<br>–v–<br>EXPRESS SCRIPTS INC., *et al.*,<br>*Defendants.* | Case No. 2:26-cv-07251-CFK<br>The Honorable Chad F. Kenney |

**MOTION TO DISMISS BY THE CVS DEFENDANTS**

In accordance with Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Local Rule 7.1, the Court's order of September 23, 2026 (Document 13), and the Court's Policies and Procedures for Counsel, Defendants CVS Health Corporation; CVS Pharmacy, Inc.; Caremark Rx, L.L.C.; Caremark, L.L.C.; CaremarkPCS Health, L.L.C.; and AdvanceRx.com, L.L.C. (collectively "CVS" or "the CVS Defendants") move to dismiss the Complaint filed by the Commonwealth of Pennsylvania on the relation of Lawrence S. Krasner, District Attorney of the City of Philadelphia. In support of this motion, the CVS Defendants rely on the accompanying Memorandum of Law, the Consent Judgment between the Commonwealth of Pennsylvania and CVS, and the Declaration of Thomas S. Moffatt, and state as follows:

1. All six CVS Defendants move to dismiss under Rule 12(b)(6) because the Commonwealth already has released the claim the District Attorney asserts. On February 15, 2024, the Commonwealth, acting through its Attorney General, filed a public enforcement action under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") against CVS in the Commonwealth Court and resolved it by a Consent Judgment. That final judgment—a matter of public record the Court may consider on this motion—released CVS Health Corporation, CVS

Pharmacy, Inc. and all of their direct and indirect parents and subsidiaries, which, as the District Attorney himself alleges (Compl. ¶¶ 107–127), includes every CVS Defendant, from all claims relating to the distribution, dispensing, and pharmacy benefit management of prescription opioids.

2. The release binds the District Attorney. A public enforcement action under the UTPCPL—whether filed by the Attorney General or a District Attorney—is brought "in the name of the Commonwealth" and penalties are recovered "on behalf of the Commonwealth." 73 P.S. §§ 201-4, 201-8(b). The Commonwealth is the client; the Attorney General and the District Attorneys are its lawyers. The Attorney General released the Commonwealth's claims to the maximum extent of her power, and the Consent Judgment expressly releases the claims of any person acting in an official capacity for the Commonwealth, any person claiming by or through it, and any person acting in a sovereign, quasi-sovereign, or *parens patriae* capacity on behalf of the general public, "whether or not any of them participate in the Agreement."

3. The District Attorney has conceded the point. In *Commonwealth ex rel. Krasner* v. *Attorney General*, he challenged only the Attorney General's power to settle enforcement actions "already brought" by a District Attorney, and represented that he did "not contest the Attorney General's right under the UTPCPL to settle and release claims of district attorneys who have not elected to pursue UTPCPL claims." When the Commonwealth released CVS in February 2024, the District Attorney had filed no UTPCPL claim against CVS concerning pharmacy benefit management; the District Attorney did not sue until August 5, 2026. The pending *Krasner* appeal presents a different question and is no reason to delay dismissal.

4. The Consent Judgment is also res judicata. It is a judgment of the Commonwealth Court entitled to the same preclusive effect in this Court that Pennsylvania's courts would give it. The thing sued upon, the cause of action, and the capacity in which suit is brought are identical to those in the Attorney General's action, and the plaintiff in both is the Commonwealth—or, at a minimum,



10645344.1

the District Attorney is the Commonwealth's privy, because his power to sue arises from the UTPCPL and he sues in the Commonwealth's name to vindicate the Commonwealth's right.

5. Independently, Defendants CVS Health Corporation and Caremark Rx, L.L.C. (the "CVS Holding Companies") move to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. Both are holding companies organized under Delaware law with their principal places of business in Rhode Island. Neither provides pharmacy benefit management services, develops formularies, or operates any subsidiary that does. Neither has offices, facilities, employees, assets, income, or operations in Pennsylvania, and neither is licensed or registered to do business here. Ex. A, Moffatt Decl. ¶¶ 4–7, 9–15. Neither is "at home" in Pennsylvania, and neither has any suit-related contact—or any contact at all—with Pennsylvania.

6. Corporate parenthood does not supply the missing contacts. The CVS Holding Companies and their subsidiaries are separate entities that observe corporate formalities, Moffatt Decl. ¶ 17, and the District Attorney's conclusory assertions of "interlocking directorships," control, and alter ego status (Compl. ¶¶ 103–104, 130–131) cannot overcome the strong presumption of corporate separateness. Nor can the District Attorney satisfy his burden by lumping six distinct entities together as "CVS Caremark" (Compl. ¶ 132); each defendant's contacts must be assessed individually and, once controverted by evidence, established with proof rather than allegations.

7. As noted, the grounds for this motion are set forth more fully in the accompanying Memorandum of Law, and Exhibits A-F attached to that memorandum, which is incorporated by reference. In accordance with Local Rule 7.1(f), the CVS Defendants request oral argument on their motion.

WHEREFORE, the CVS Defendants respectfully request that the Court enter an order (a) dismissing the Complaint against all CVS Defendants with prejudice as barred by the Commonwealth's Consent Judgment, both as a release and as res judicata, and (b) independently

dismissing all claims against CVS Health Corporation and Caremark Rx, L.L.C. for lack of personal jurisdiction.

Dated: October 30, 2026

Respectfully submitted,

*/s/ Robert J. Norcia*

Robert J. Norcia
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, Pennsylvania 19103
(215) 564-8663
rnorcia@stradley.com

Steven N. Herman
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
(202) 778-1800
sherman@zuckerman.com

Conor B. O'Croinin
Admitted *pro hac vice*
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
(410) 949-1160
cocroinin@zuckerman.com

*Attorneys for Defendants CVS Health Corporation; CVS Pharmacy, Inc.; Caremark Rx, L.L.C.; Caremark, L.L.C.; CaremarkPCS Health, L.L.C.; and AdvanceRx.com, L.L.C.*

## CERTIFICATE OF CONFERENCE

In accordance with the Court's Order of September 23, 2026 (Document 13) and Individual Procedure II.D.1, counsel for the CVS Defendants met with opposing counsel via Zoom on October 12, 2026 to discuss the substance of this motion. Counsel for the CVS Defendants also followed up by email. The parties were not able to reach a resolution that eliminated the need for this motion.

*/s/ Steven N. Herman*
Steven N. Herman

## CERTIFICATE OF SERVICE

I certify that on October 30, 2026, I served the foregoing upon counsel for all parties by ECF notice.

*/s/ Robert J. Norcia*
Robert J. Norcia