# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

THIS DOCUMENT RELATES TO:

*County of Webb v. Purdue Pharma, L.P., et al.*, Case No. 1:18-op-45175

*Employer-Teamsters Local Nos. 175 & 505 Health & Welfare Fund, et al. v. Purdue Pharma, L.P. et al.*, Case No. 1:18-op-45446

MDL No. 2804

Case No. 1:17-md-2804-DAP

Judge Dan Aaron Polster

**ORDER DENYING PLAINTIFFS MOTION FOR LEAVE TO FILE JOINT MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

On September 14, 2018, the County of Webb, Texas and certain Teamsters entities (collectively, "Plaintiffs") filed a motion for leave to file a motion for preliminary injunction (Dkt. No. 978). Plaintiffs' objective was a preliminary injunction directing pharmacy benefit manager defendants Caremark, Express Scripts, and OptumRx ("PBM Defendants") to implement immediate changes to their client offerings, which Plaintiffs allege would be consistent with the March 2016 *CDC Guideline for Prescribing Opioids for Chronic Pain.*

On November 12, 2018, the PBM Defendants filed their objection and opposition to the Motion for Leave. (Dkt. No. 67.) Plaintiffs submitted their reply in support of their Motion for Leave on November 19, 2018. (Dkt. No. 68.) On December 5, 2018, February 13, 2019, and June 18, 2019, the Court held informal meetings with counsel to confer about the issues, and I am pleased to now report as follows: As part of their nationwide offerings available to all commercial clients, each PBM Defendant offers programs or utilization-management criteria to

its clients that are intended to help combat opioid abuse and addiction, and to encourage safe prescribing practices in alignment with the CDC Guideline. For instance, the PBM Defendants already offer to their commercial clients (and, when possible, other clients) programs with the following limitation: first-time opioid prescriptions for acute pain are limited to a seven-day supply or less for patients new to opioid therapy, absent prior authorization. In their national offerings available to all commercial clients, the PBM Defendants also include drugs prescribed for medication-assisted treatment of opioid use disorder, as well as non-opioid alternatives to opioid products. In addition, in their national programs available to all commercial clients, each PBM Defendant offers or has begun the process of offering utilization-management criteria that limit patients, as defined by each PBM, to no more than 90 MME per day without prior authorization; and each PBM Defendant offers or has begun the process of offering utilization-management criteria for its commercial clients that limit opioid prescriptions for acute pain to a three-day supply or less for minors new to opioid therapy, absent prior authorization. These limitations, adopted voluntarily at various times by each PBM Defendant, are a contribution to our national effort to help address risks related to opioid abuse.

The Court deeply appreciates the actions taken by the PBM Defendants to offer these limitations to their clients and appreciates Plaintiffs' willingness to discuss the issues with the Court. The Court understands that the PBM Defendants do not manufacture, market, or prescribe opioid medications. It also understands that plan sponsors decide whether to adopt the programs that the PBM Defendants offer. The Court encourages plan sponsors—as part of their own efforts to combat opioid abuse—to consider and adopt for their members, where appropriate, the opioid programs that the PBM Defendants offer.

The Court denies the Motion without prejudice. Inasmuch as the PBMs have voluntarily made additions to their program offerings, those voluntary changes are in no way evidence of liability or wrongdoing.

**IT IS SO ORDERED.**

**/s/ *Dan Aaron Polster***
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 15, 2019**